## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth Transportation
Commission of Virginia

     v.

Scott Boroczi,
as Certificate Trustee
on Behalf of
TOSCO Trust 200-E

September 22, 2004

Case No. (Law) 212131

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on August 13, 2004, upon cross-motions for partial summary judgment. Briefs were submitted prior to the argument, and letters of August 26 and September 1, 2004, were filed as supplements. For the reasons set forth below, TOSCO's motion is granted and Keyani's motion is denied.

The case arises out of a Petition for Condemnation filed against Scott Boroczi as Certificate Trustee on behalf of TOSCO Trust 200-E ("TOSCO"), the owner of the real property, and Farhad Keyani's Petition for Intervention as the tenant on said property. Keyani contends that he has an interest in the condemnation award for loss of his leasehold interest. Keyani was operating a service station on the property as the result of a lease dated August 1, 2002, and more than twelve months remained on the lease. In addition, it is stipulated that there was an April 3, 2002, letter which amended or supplemented the lease.

The lease contained a condemnation clause which read in pertinent part:

3:4. *Condemnation.* Without limiting any provisions of the Agreement, Franchise Dealer shall comply with all laws governing

condemnation or eminent domain awards. All sums payable by a condemning authority for a taking of any portion of the Marking Premises, whether payable due to a purchase in lieu of condemnation, a settlement reached after the initiation of condemnation proceedings, a final judgment, or otherwise, will be paid to TOSCO and Franchise Dealer has no interest whatsoever in those sums; except that Franchise Dealer may receive any sum payable by the condemning authority for loss of goodwill by Franchise Dealer.[1]

It is contended that this clause is modified by the April 3, 2002, letter. It reads in part:

*No Waiver of Rights Granted by Law.* Notwithstanding anything to the contrary contained in any other provision of the Agreements, DEALER, by entering into the Agreements, shall not be deemed to have released or waived: (a) any right that the DEALER has under the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et seq., or other Federal law; or (b) any right that DEALER may have under any valid and applicable State law.

This clause essentially mirrors the language of the anti-waiver clause of the Petroleum Marking Practices Act ("PMPA") § 2805(f). The issue, therefore, is whether or not Keyani has an inherent right to compensation for his leasehold interest not subject to waiver. The United States Supreme Court has found, "at least in the absence of a contrary state rule, the tenant has no right which persists beyond the taking and can be entitled to nothing." *United States v. Petty Motor Co.*, 327 U.S. 372, 376, 90 L. Ed. 729, 66 S. Ct. 596 (1946). In Virginia, although a tenant is allowed to recover for his leasehold interest, the tenant is free to contract away that right. *Norfolk So. Ry. v. American Oil Co.*, 214 Va. 194, 197-98, 198 S.E.2d 607 (1973).

This specific issue was examined by the United States District Court for the Eastern District of Virginia in the case of *Bajwa v. Sunoco, Inc.*, 320 F. Supp. 2d 454 (2004). In that case, Bajwa operated a gas station pursuant to a franchise agreement with Sunoco. The lease was terminated by Sunoco when VDOT notified Sunoco that it planned to acquire the property via its eminent

---

[1] As Keyani contends that he is not seeking an award for loss of goodwill, I will not address the issue as to whether loss of goodwill is recoverable in a condemnation proceeding in Virginia.

domain power.[2] The court held "the PMPA does not entitle a franchisee to compensation from the owner for his leasehold in the event of a condemnation; the act only requires that 'the franchisor shall fairly apportion between the franchisor and the franchisee compensation, if any, received by the franchisor based upon any loss of business opportunity or goodwill'," (citing 15 U.S.C. § 2802(d)(1)). *Id.* at p. 459. In granting summary judgment in favor of Sunoco, the court noted "Bajwa has the right to be compensated for the value of his leasehold interest *absent* any contractual provision to the contrary. Under Virginia law, the lessees are free to contract away their right to recover in the case of condemnation." *Id.* at 465 (emphasis in original).

In the case-at-bar, the facts are remarkably similar and the issue is identical. I find that paragraph 3.4 of the lease is clear and unambiguous and does not violate the PMPA, the April 3, 2002, letter, or Virginia law. Keyani has contracted away his right to compensation for loss of his leasehold as the result of condemnation proceedings.

TOSCO's motion for partial summary judgment is granted, and Keyani's motion for partial summary judgment is denied.

---

[2] A distinguishing fact in this case is that the condemnation clause in that lease provided the "Dealer may be entitled to any separate award payable to Dealer for taking of Dealer's leasehold interest. . . ." *Id.* at 456. For the purpose of our analysis, this is a distinction without a difference.